IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


CAROL SCHURICH,                    :
                                   :
         Plaintiff,                :
                                   :
         v.                        :         CIVIL ACTION NO. 3:04-CV-2074
                                   :         (JUDGE KOSIK)
PRINCIPAL FINANCIAL GROUP          :
and AMES RUBBER CORPORATION        :
                                   :
         Defendants.               :


## MEMORANDUM

_____Before the court is defendant, Principal Financial Group's ("Principal")

motion to the dismiss Count I of plaintiff, Carol Schurich's ("Plaintiff") amended

complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  Principal asserts

that Plaintiff's decedent, John Schurich ("Decedent") was not covered under a

policy of life insurance with Principal at the time of his death.  Further, Principal

contends that it owed no duty to provide Decedent with notice that his life

insurance policy was no longer valid or to forward Decedent conversion documents

that would have permitted Decedent to maintain his life insurance coverage after

retiring.  For the reasons that follow, we will grant Principal's motion and dismiss

Count I of Plaintiff's amended complaint with prejudice.

## I.      STANDARD OF REVIEW

### A.      Review of a Motion To Dismiss Pursuant to Rule 12(b)(6)

When ruling on a motion to dismiss, a district court must treat all well-

1

pleaded allegations in the complaint as true, and draw all reasonable inferences in favor of the non-moving party. *Consolidated Rail Corp. v. Portlight, Inc.*, 188 F.3d 93, 94 (3d. Cir. 1999) (citations omitted); *Doe v. Division of Youth and Family Services, et. al*, 148 F. Supp. 2d 462 (D.N.J. 2001). Granting a motion to dismiss is appropriate only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The court must decide not whether the plaintiff will prevail on his or her claims, but rather, whether the claimant is entitled to offer proof to support his or her claims. *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996). It is the defendant's burden to demonstrate that the plaintiff has not stated a viable claim. *Gould Electric Inc. v. U.S.,* 220 F.3d 169, 178 (3d Cir. 2000).

In deciding Principal's Rule 12(b)(6) motion, we will review the insurance policy at issue and the letters from Principal to Plaintiff denying her claim for benefits. Consideration of these documents does not convert Principal's 12(b)(6) motion into a Rule 56 motion for summary judgment as the denial letters and relevant sections of the policy were attached to Plaintiff's amended complaint and are integral to Plaintiff's claim for relief. *See In re Rockefeller Center Properties, Inc. Secs. Litigation*, 311 F.3d 198, 205-06 (3d Cir. 2002) ("A document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment") (internal quotations and citations omitted).

### B.    ERISA Standard of Review

The motion to dismiss standard must be applied in the light of the standard of review utilized in ERISA cases.  The standard of review applied in ERISA cases depends upon the identity of the plan administrator and whether the administrator is vested with discretionary authority to determine eligibility for benefits.  None of the parties to this action have suggested a standard to be applied in reviewing the denial of Plaintiff's claim for life insurance benefits.  Moreover, none of the parties provided the court with the identity of the plan administrator.  A review of the plan at issue, as well as the letters from Principal to Plaintiff denying her initial claim and subsequent appeal, leads us to the conclusion that the insurer, Principal, acted as the plan administrator.  *See* Principal's Brief in Support, Exhibit 1 at Part II, Section A, Art. 10; *see also* Plaintiff's Amended Complaint at Exhibits A and B.  The policy also provided Principal with complete discretion to determine eligibility for benefits and to interpret the provisions of the group policy.  *Id.*  The arbitrary and capricious standard is the appropriate standard of review to apply in this instance where the administrator is afforded  "discretionary authority to determine eligibility for benefits or to construe the terms of the plan."  *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989).  Under this standard, the "district court may overturn a decision of the Plan Administrator only if it is 'without reason, unsupported by substantial evidence, or erroneous as a matter of law.'"  *See  Abnathya v. Hoffman-LaRoche, Inc.*, 2 F.3d 40, 45 (3d Cir. 1993) *citing Adamo v. Anchor Hocking Corp.*, 720 F.Supp. 491, 500 (W.D. Pa. 1989).  Arbitrary and capricious review is limited,

and "the court is not free to substitute its own judgment for that of the defendants in determining eligibility for benefits." *Id., citing Lucash v. Strick Corp.*, 602 F. Supp. 430, 434 (E.D. Pa. 1984).

In situations where an insurance company both determines eligibility for benefits and pays benefits from its own funds, the Third Circuit has concluded that a heightened form of arbitrary and capricious review is necessary because of the administrator's possible conflict of interest. *See Pinto v. Reliance Standard Life Ins. Co.*, 214 F.3d 377 (3d Cir. 2000). Such is the situation presented in the instant case. In order to succeed in her ERISA action, Plaintiff bears the burden of establishing that the plan administrator's decision was arbitrary and capricious. We will, however, heighten our scrutiny of Principal's decision to deny benefits in light of the conflict presented. *Id.*

## II.    BACKGROUND

Decedent was employed by Ames Rubber Corporation ("Ames") and covered under the company's employee welfare benefit program. The plan provided a policy of life insurance with Principal to eligible employees. *See* Plaintiff's Brief in Opposition at 2. Decedent retired from Ames on August 22, 2002 due to illness. *Id.* Plaintiff alleges that neither Principal, nor Ames forwarded Plaintiff or Decedent a letter notifying the couple that Decedent needed to convert his group life insurance coverage to an individual policy or lose benefits upon retirement. Ames insists that it mailed notice and related conversion documents to Decedent.

4

Decedent died on December 11, 2002.  *See* Plaintiff's Brief in Opposition at 2.  Plaintiff filed a claim with Principal for the benefits that she contends are owed on her husband's life insurance policy.  Principal denied Plaintiff's claim, asserting that Decedent was not covered under the group life insurance program at the time of his death.  Plaintiff contends that the rejection letter responding to Plaintiff's claim was the first notice that she or Decedent received indicating that the life insurance policy was no longer effective.  *Id.* at 3.

Plaintiff filed her initial complaint against Principal on September 20, 2004, based upon Principal's denial of Plaintiff's claim for benefits.  (Doc. 1).  Plaintiff alleges that Principal capriciously, arbitrarily, and unreasonably denied the claim in bad faith and in violation of 29 U.S.C. § 1001, et seq.  Plaintiff filed the amended complaint at issue on January 7, 2005, adding a count against Decedent's former employer, Ames.  (Doc. 6).

Principal filed the instant motion to dismiss on February 17, 2005.  Plaintiff filed a response and subsequent sur-reply brief in opposition thereto.  (Docs. 10 and 13).  Principal filed reply briefs in support of the motion.  (Docs. 11 and 18).

## III.   DISCUSSION

### A.      The Parties' Contentions

Principal argues that Count I of Plaintiff's amended complaint must be dismissed because there is no question that Decedent was no longer covered under Principal's life insurance policy at the time of his death.  Rather, Decedent's policy lapsed at the end of the month in which he retired from Ames.  *See*

5

Principal's Brief in Support at 8.  Decedent retired on or about August 22, 2002.

Principal cites the policy's coverage and eligibility provisions that limit coverage to

full-time Ames employees.  Specifically, Principal notes provisions providing that a

"Member's" insurance terminates at the end of the "Insurance Month" that the

Member ceased full-time work.  The group policy may be converted to an individual

policy upon application by the Member within 31 days of the date the life insurance

terminated.  *Id.* at 9 and Exhibit 1, Part III, Section F, Article 1.  Principal contends

that the "Policyholder," Ames, was required by the policy to provide Decedent with

notice of the right to apply for an individual policy before coverage expired under

the group policy or as soon as reasonably possible thereafter.  *Id.*  Principal denies

that it owed Decedent or Plaintiff any duty to inform them of the termination of

group coverage or the right to convert the group policy to an individual one.  *Id.* at

9.  Principal concludes that Count I of Plaintiff's amended complaint should be

dismissed as Plaintiff can prove no set of facts in support of her claim that would

entitle her to relief.  *Id.* at 2.

Plaintiff does not dispute the language of the insurance policy at issue.  *See*

Plaintiff's Brief in Opposition at 5-6.  She "concedes" that the plain language of the

policy, "states that it is the sole responsibility of the Defendant, Ames, to provide

the notice of right to individual purchase to [Decedent]."  *Id.* at 6.  Plaintiff

challenges Principal's motion by asserting that Ames was acting as Principal's

agent in offering the life insurance plan at issue.  *Id.* at 6-7, *see also* Plaintiff's Brief

in Further Support of Her Opposition at 2-3.  Plaintiff cites agency precedent, as

6

well as the Restatement 2nd of Agency, § 140, in an effort to establish that Ames was Principal's agent.  *See* Plaintiff's Brief in Opposition at 6-7.  Plaintiff concludes that Principal is liable for its agent, Ames' failure to provide the notice of the right to convert the group policy to an individual life insurance policy.  *Id.* at 7; *see also* Plaintiff's Brief in Further Support of Her Opposition at 4.  Finally, Plaintiff contends Principal owed Decedent and Plaintiff a fiduciary duty pursuant to ERISA to discharge its duties solely in the interests of the participants and beneficiaries. *See* Plaintiff's Brief in Opposition at 9-10.  She complains that this fiduciary duty necessitated that Principal ascertain whether Decedent received a notice of his right to convert the policy and inquire if Decedent intended to convert the policy prior to terminating Decedent's policy.  *Id.* at 10.

### B.    Ames Not Agent of Principal

As Plaintiff concedes that the insurance policy at issue unambiguously assigned Decedent's employer, Ames, the obligation to notify Decedent of the termination of his group life insurance and the right to convert same to an individual policy, the salient issue before this court is whether or not Ames was acting as Principal's agent in obtaining the group life insurance program.  If Ames is determined to have been Principal's agent, then Plaintiff has stated a cause of action sufficient to survive the instant 12(b)(6) motion (Principal's liability for its agent's alleged failure to notify Decedent of the termination of his group insurance and his right to convert to an individual policy).  If Ames was not Principal's agent, Plaintiff's concession that the policy language clearly burdens Ames alone is fatal

to her claim against Principal.

Plaintiff's recitation of agency law and principals and her resulting conclusion that an agent/principal relationship existed between the two defendants is in error.  Precedent from this court and the United States Supreme Court hold that an employer functions as its employees' agent when it negotiates insurance for the benefit of those employees.  *See UNUM Life Ins. Co. v. Ward*, 526 U.S. 358, 379 (1999) (holding California law deeming employer as agent of insurance company in administering group insurance policies preempted by ERISA); *see also Boseman v. Connecticut General*, 301 U.S. 196, 204-5 (1937) ("in doing whatever may serve to obtain and keep the insurance in force, employers act not as agents of the insurer, but for their employees or for themselves"); *see also AETNA Life Ins. Co. v. Messier*, 173 F. Supp. 90, 96 (M.D. Pa. 1959) (holding employer acts as agent for employees or in own interest in procuring and maintaining employee group life insurance).[1]

Plaintiff has no cause of action against Principal based upon agency. Precedent clearly establishes that Ames was not acting as Principal's agent in obtaining group life insurance for its employees.  *See UNUM Life Ins. Co.*, 526

---

[1]     Our research located a minority of cases holding that an employer may be determined to have acted as the agent of an insurer when enrolling employees in a previously existing group insurance plan *See In re Managed Care Litigation*, 185 F.Supp.2d 1310, 1319 (S.D. Fla. 2002) (holding general rule is that employer acts as employees' agent when negotiating health insurance benefits, but employer acts as insurer's agent when enrolling employees in a previously-negotiated plan).  Given the conflicting rule of law from the Supreme Court and Middle District, we will disregard the Southern District of Florida's holding.

U.S. at 379; *see also AETNA Life Ins. Co.*, 173 F. Supp. at 96.  Moreover, Plaintiff acknowledges that the text of the insurance policy, "states that it is the sole responsibility of the Defendant, Ames, to provide the notice of right to individual purchase to [Decedent]."  *See* Plaintiff's Brief in Opposition at 6.  Plaintiff cannot pursue a claim against Principal based upon the duties created by the policy language where Ames was not acting as Principal's agent and where the policy clearly burdens Ames alone with the responsibility of notifying Decedent of the termination of the insurance and conversion options.

### C.    No Breach of Fiduciary Duty

There is no evidence in Plaintiff's amended complaint of a claim based upon Principal's breach of a fiduciary duty.  Neither the word "fiduciary," nor a cite to 29 U.S.C. § 1104, identifying fiduciary duty of a plan administrator, or § 1109, permitting a cause of action for breach of fiduciary duty, are found in the pleading. Principal argues that we should disregard Plaintiff's contention that a viable claim for breach of fiduciary duty precludes granting the motion to dismiss, because no such claim was properly pleaded.  We need not address the procedural propriety of Plaintiff's pleading as any claim pursuant to 29 U.S.C. § 1109 nonetheless fails to survive the instant 12(b)(6) motion.

ERISA defines fiduciary duties owed by plan administrators to their beneficiaries as follows:

> a fiduciary shall discharge his duties with respect to a
> plan solely in the interest of the participants and
> beneficiaries and--
> (A) for the exclusive purpose of:
>       (i) providing benefits to participants and their

> beneficiaries; and
> > (ii) defraying reasonable expenses of
> > administering the plan;
> (B) with the care, skill, prudence, and diligence under
> the circumstances then prevailing that a prudent man
> acting in a like capacity and familiar with such matters
> would use in the conduct of an enterprise of a like
> character and with like aims . . ..

29 U.S.C. § 1104.  The fiduciary duties applicable to ERISA plan administrators

were further explained by the Third Circuit in *Harte v. Bethlehem Steel Corp.,* 214

F.3d 446 (3d Cir. 2000).  "[W]e have held that administrators generally have a

fiduciary duty 'not to misinform employees through material misrepresentations

and incomplete, inconsistent or contradictory disclosures.' *In re Unisys Corp.*

*Retiree Med. Benefit 'ERISA' Litig.*, 57 F.3d 1255, 1246 (3d Cir. 1995).  A

misleading statement or omission by a fiduciary is actionable if 'there is a

substantial likelihood that it would mislead a reasonable employee in making an

adequately informed retirement decision.' *Unisys*, 57 F.3d at 1264. This is an issue

for the fact-finder if reasonable minds can differ on whether a misleading statement

or omission would affect a reasonable employee's retirement decision. *See Fischer*

*v. Philadelphia Elec. Co.*, 994 F.2d 130, 135 (3d Cir.1993)." *Id.* at 452.

In this case, Principal's duties were clearly set forth in the policy itself.

Additionally, Plaintiff agrees that the policy burdened Ames with the responsibility

to notify Decedent of the termination of his insurance coverage and the right to

convert the group policy to an individual life insurance policy.  Plaintiff provides no

cogent argument for the basis of a fiduciary duty distinct from her repeated

allegation that Principal had an obligation to notify Decedent of the termination of

the policy and to inquire with him as to whether he desired to convert the policy. *See* Plaintiff's Brief in Opposition at 10.  Notification of termination and conversion cannot serve as the basis for a fiduciary duty because those obligations were specifically assigned to another party, Ames, within the plain language of the policy.  Absent an argument contending that Principal breached its fiduciary duties to Plaintiff and Decedent by some separate action or omission, Plaintiff's claim will fail as it appears beyond doubt that Plaintiff can prove no set of facts in support of her claim that would entitle her to relief.  *See Conley*, 355 U.S. at 45-46 (holding judgment on motion to dismiss appropriate where it, "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief").

## IV.    CONCLUSION

Absent the liability ancillary to a principal/agent relationship, a direct duty attributed to Principal within the insurance policy at issue, or an independent claim for breach of fiduciary duty, Plaintiff has no cause of action against Principal. Treating all well-pleaded allegations in the complaint as true and drawing all reasonable inferences in favor of Plaintiff, we are nonetheless compelled to dismiss Count I of the amended complaint with prejudice for want of any viable claim against Principal.  See *Consolidated Rail Corp.,* 188 F.3d at 94 (3d. Cir. 1999) (holding district court to treat all well-pleaded allegations as true and draw inferences in favor of non-moving party when ruling on motion to dismiss); *see also Gould Electric Inc.,* 220 F.3d at 178 (holding defendant's burden to demonstrate

11

plaintiff has not stated a viable claim).  Principal's request for attorney's fees is denied.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CAROL SCHURICH,     :
           :
   Plaintiff,     :
           :
   v.        :   CIVIL ACTION NO. 3:04-CV-2074
           :   (JUDGE KOSIK)
PRINCIPAL FINANCIAL GROUP :
and AMES RUBBER CORPORATION :
           :
   Defendants.    :

## **ORDER**

AND NOW, this 12th day of May, 2005, IT IS HEREBY ORDERED THAT:

[1] Defendant, Principal Financial Group's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is granted;

[2] Count I of the plaintiff's amended complaint is dismissed with prejudice; and,

[3] defendant, Principal Financial Group's request for an award of attorney's fees and costs pursuant to 29 U.S.C. § 1132(g) is denied.


         s/Edwin M. Kosik     
         United States District Judge