IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CAROL SCHURICH, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 3:04-CV-2074 |
| | : | (JUDGE KOSIK) |
| PRINCIPAL FINANCIAL GROUP and AMES RUBBER CORPORATION | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM**

Before the court is defendant, Ames Rubber Corporation's ("Ames") motion to dismiss Plaintiff's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(3), as well as Plaintiff's motion to strike Ames' motion to dismiss. For the reasons that follow, we will deny Ames' motion to dismiss, rendering Plaintiff's motion to strike moot.

**I.   BACKGROUND**

Plaintiff's husband, John Schurich ("Decedent") was employed by Ames and covered under the company's employee welfare benefit program. The plan provided a policy of life insurance with Principal Financial Group ("Principal") to eligible employees. Decedent retired from Ames on August 22, 2002 due to illness. Decedent died on December 11, 2002. Plaintiff filed a claim with Principal for the benefits that she contends are owed on her husband's life insurance policy. Principal denied Plaintiff's claim, asserting that Decedent was not covered under

1

the group life insurance program at the time of his death.

Plaintiff filed her initial complaint against Principal on September 20, 2004, based upon Principal's denial of Plaintiff's claim for benefits. (Doc. 1). Plaintiff alleged that Principal capriciously, arbitrarily, and unreasonably denied the claim in bad faith and in violation of 29 U.S.C. § 1001, et seq. Plaintiff filed the amended complaint at issue on January 7, 2005, adding a count against Decedent's former employer, Ames. (Doc. 6). Plaintiff alleges that neither Principal, nor Ames forwarded Plaintiff or Decedent a letter notifying the couple that Decedent needed to convert his group life insurance coverage to an individual policy or lose benefits upon retirement. Plaintiff contends that the rejection letter responding to Plaintiff's claim was the first notice that she or Decedent received indicating that the life insurance policy was no longer effective.

Ames filed a motion to dismiss plaintiff, Carol Schurich's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(3) on April 6, 2005. Ames asserts that Plaintiff failed to allege a basis for venue of her ERISA action as governed by 29 U.S.C. § 1132. No brief was filed in support of the motion within ten (10) days of filing the motion itself as required by Middle District of Pennsylvania Local Rule 7.5.

On April 14, 2005, Plaintiff filed a brief in opposition to Ames' motion to dismiss. In her brief in opposition, Plaintiff asserts that venue is found in this district due to the fact that Decedent lived within the Middle District when Ames failed to forward him notice of the impending cancellation of his life insurance and of Decedent's option to convert the policy to an individual one. She further argues

2

that Ames' filed the motion more than twenty (20) days after receipt of service of the amended complaint. Specifically, Plaintiff alleges that Ames was properly served on February 14, 2005, but did not file the motion to dismiss until April 6, 2005, after the time for responsive pleadings proscribed in Fed.R.Civ.P. 12(a). Plaintiff's brief in opposition purports to attach as Exhibit "A" a summons and return of service signed by an Ames representative on February 14, 2005. No such documents are found among Plaintiff's filings.

On May 5, 2005, Plaintiff filed a motion to strike Ames' motion to dismiss based upon the latter's failure to file a brief in support of the motion as required by Local Rule 7.5. Ames filed a response to the motion to strike on May 12, 2005. In its response, Ames claims that it did forward a paper copy of the brief in support of the motion to dismiss to Plaintiff along with the motion to dismiss. Ames additionally insinuates that the failure to file a copy of the brief in support was likely due to an administrative error on the part of Ames' counsel. Ames asks that this court accept the brief in support as if it were timely filed. Plaintiff filed a reply brief in support of the motion to strike in which she denied receiving a paper copy of Ames' brief in support of the motion to dismiss prior to May 12, 2005.

Ames sole argument for dismissal is that Plaintiff "failed to allege a basis for venue in the Middle District." *See* Ames' Motion at ¶ 9 (Doc. 15). Ames' brief in support, "recognizes that the determination of a proper venue for claims brought for civil enforcement of ERISA benefits can be complicated when there is an allegation concerning 'where the breach took place.'" *See* Ames' Brief in Support, p. 3 (Doc. 24, Ex. "A"). Moreover, Ames acknowledges that, "[t]here is an ongoing

3

debate regarding whether the breach 'occurs *where* the payment was owed' or where the decision to withhold payment was made." *Id.*  Ames' brief in support concludes that Plaintiff's amended complaint should be dismissed as "no legally relevant basis for venue has been alleged except for the residence of the defendant . . .." *Id.*

## II.     DISCUSSION

Plaintiff provides this court with three reasons for denying Ames' Rule 12(b)(3) motion.  First, Plaintiff argues that Ames failed to file the Rule 12 motion within twenty (20) days after being served with the amended complaint.  Second, Plaintiff contends that venue is properly found in the Middle District.[1]  Third, Plaintiff asserts that Ames' motion to dismiss should be deemed withdrawn due to the fact that the defendant did not file a brief in support of the motion within ten (10) days of filing the motion as mandated by Local Rule 7.5.  A determination of Plaintiff's two procedural challenges and a analysis of each parties' venue arguments are unnecessary, however, as Ames failed to meet its burden of proving improper venue.

### A.      Burden Of Proof In Motion To Dismiss Pursuant To Fed.R.Civ.P. 12(b)(3)

A defendant bears the burden of proving improper venue in connection with

---

[1] Plaintiff's brief in opposition to Ames' Rule 12(b)(3) motion applies the incorrect venue analysis.  Plaintiff argues that venue is appropriate pursuant to the federal question jurisdiction venue analysis set forth in 28 U.S.C.A. §1391(b).  Ames correctly notes that venue in ERISA cases is governed by specific provisions of the ERISA statute, namely 29 U.S.C.A. §1132(e)(2).

a motion to dismiss. *Myers v. American Dental Ass'n*, 695 F.2d 716, 725 (3d Cir. 1982). "A motion to dismiss for improper venue is not an attack on jurisdiction but only an affirmative dilatory defense. Because of the nature of the motion, 'it is not necessary [as contrasted with jurisdiction] for the plaintiff to include allegations showing the venue to be proper.'" *Id.* at 724, *quoting* Fed.R.Civ.P. Form 2, Advisory Committee note 3. It follows that the moving defendant has the burden of proving the affirmative defense asserted by a motion for dismissal for improper venue under Rule 12. *Id.*

### B.     ERISA Venue Found Liberally

A defendant presenting a Rule 12(b)(3) motion in an ERISA case bears the burden of establishing that none of the ERISA venue provisions applies to permit the case to be heard in the challenged district. Venue in an ERISA matter is governed by 29 U.S.C. § 1132. The statute states, in pertinent part:

> Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

*Id.* at § 1132(e)(2). Courts have noted that in drafting the ERISA venue provisions, Congress, "clearly struck the balance in favor of liberal venue." *Varsic v. United States District Court*, 607 F.2d 245, 248 (9th Cir.1979); *Moore v. St. Paul Companies, Inc.*, 1995 WL 11187, 3 (D.N.J. 1995). It is the moving defendant's obligation alone to demonstrate that the liberal ERISA venue provisions do not apply. The defendant must prove that: (1) the plan is not administered in the challenged district; (2) the

5

breach did not take place in the challenged district; and, (3) the defendant does not reside and/or may not be found in the challenged district.

### C.     Ames Failed To Establish Venue Improper In This District

In this instance, defendant, Ames Rubber Corporation's sole argument for dismissal is that Plaintiff "failed to allege a basis for venue in the Middle District." *See* Defendant's Motion at ¶ 9 (Doc. 15) . Ames brief in support further acknowledges that, "the determination of a proper venue for claims brought for civil enforcement of ERISA benefits can be complicated when there is an allegation concerning 'where the breach took place.'" *See* Ames' Brief in Support, p. 3. Ames notes that, "[t]here is an ongoing debate regarding whether the breach 'occurs *where* the payment was owed' or where the decision to withhold payment was made." *Id.* Ames concludes that, "no legally relevant basis for venue has been alleged except for the residence of the defendant . . .." *Id.* Defendant's argument is misplaced. Plaintiff is not required to include allegations showing the venue to be proper. *Myers*, 695 F.2d at 724. Rather, it is Ames' obligation to prove the affirmative defense of venue. *Id.*

Defendant acknowledges the conflicting precedent regarding venue, but makes no effort to apply the case law to the instant case. Ames neglects to argue that the three venue provisions set forth in 29 U.S.C. § 1132(e)(2) do not support venue in the Middle District. Ames provides no reason to disregard Congress' clear preference for liberal venue in ERISA cases. See *Varsic*, 607 F.2d at 248 (holding Congress intended liberal venue in ERISA cases). Accordingly, we will deny Ames' motion to dismiss for improper venue pursuant to Fed.R.Civ.P. 12(b)(3).

**III.	CONCLUSION**

Defendant, Ames Rubber Corporation, provided no basis to disregard the venue selected by Plaintiff.  Ames disregarded it's burden of proving that venue in the Middle District is improper.  Accordingly, we will deny the present Rule 12(b)(3) motion and direct Ames to file an answer to Plaintiff's amended complaint within the time allotted by Fed. R. Civ. P. 12(a)(4)(A).

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CAROL SCHURICH,　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　:
　　　　　　Plaintiff,　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　:
v.　　　　　　　　　　　　　　　　　　　:　　CIVIL ACTION NO. 3:04-CV-2074
　　　　　　　　　　　　　　　　　　　　:　　(JUDGE KOSIK)
PRINCIPAL FINANCIAL GROUP　　　　:
and AMES RUBBER CORPORATION　:
　　　　　　　　　　　　　　　　　　　　:
　　　　　　Defendants.　　　　　　　　:

## **ORDER**

AND NOW, this 24TH day of May, 2005, IT IS HEREBY ORDERED THAT:

[1] defendant, Ames Rubber Corporation's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(3) is denied;

[2] Plaintiff's motion to strike defendant's Fed. R. Civ. P. 12(b)(3) is denied as moot; and,

[3] defendant, Ames Rubber Corporation, is directed to file a responsive pleading to Plaintiff's amended complaint within ten (10) days of this order pursuant to Fed. R. Civ. P. 12(a)(4)(A).

　　　　　　　　　　　　　　　　　　　　　s/Edwin M. Kosik
　　　　　　　　　　　　　　　　　　　　　United States District Judge